This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITIMORTAGE, INC.,**

    Plaintiff-Appellee,

v.                                 **NO. 34,335**

**AARON JONES and JENNIFER JONES,**

    Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Judge**

Little, Bradley & Nesbitt, PA
Sandra A. Brown
Albuquerque, NM

Justin B. Breen
Albuquerque, NM

for Appellee

Vanessa L. Deniro
Albuquerque, NM

for Appellants

## MEMORANDUM OPINION

**GARCIA, Judge.**

**{1}** Appellants are appealing from a district court order denying their motion to set aside a foreclosure judgment. We issued a calendar notice proposing to affirm. Appellants have responded with a memorandum in opposition. Plaintiff has filed a memorandum in support. We affirm.

**{2}** Appellants continue to argue that Plaintiff (Citimortgage) did not have standing to bring the foreclosure action, and therefore the foreclosure decree is invalid. Appellants are correct that under recent cases decided by our Supreme Court and this Court, an entity wishing to foreclose on a mortgage must establish that, at the time the foreclosure action is filed, the entity had the right to enforce the promissory note underlying the mortgage. *See Bank of New York v. Romero*, 2014-NMSC-007, ¶ 17, 320 P.3d 1; *Deutsche Bank Nat'l Trust Co. v. Beneficial New Mexico Inc.*, 2014-NMCA-090, ¶ 8, 335 P.3d 217.

**{3}** In this case, attached to Citimortgage's July 2011complaint was a copy of the original promissory note. [RP 1, 7] The note was indorsed by IWAYLOAN, LP. in an allonge dated December 10, 2009. [RP 9] Also included was language identifying Citimortgage as the payee. [RP 9] As our Supreme Court observed, this payee designation makes the identified payee a "holder" of the note for purposes of enforcement. *Bank of New York*, 2014-NMSC-007, ¶ 21.

**{4}** In its memorandum in opposition, Appellants continue to argue that a new note

2

was executed in 2013, containing a blank indorsement. Citimortgage points out that this would simply make the note bearer paper, which would still give it standing under *Romero* because it was the holder of the note. [MIS 2-3] *See id.*, ¶ 24. In addition, as we stated above, *Romero* requires that a party establish the right to enforce the note "at the time it filed suit." *Id.* ¶ 17. Plaintiff's complaint was filed in 2011, and the documents attached to the complaint established standing under *Romero*.

{5}     For the reasons set forth above, we affirm.

{6}     **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**J. MILES HANISEE, Judge**